**Bruce BOWERS, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Defendant.**

**No. C–C–86–336–M.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

Oct. 15, 1987.

Reconsideration Denied Dec. 17, 1987.

On Reconsideration Jan. 14, 1988.

Order in Compliance April 20, 1988.

Bruce Bowers, pro se.

Thomas J. Ashcraft, Charles E. Lyons, Charlotte, N.C., for defendant.

## ORDER

McMILLAN, District Judge.

On September 4, 1987, the court heard arguments on plaintiff's motion to hold defendant in contempt of prior court orders in this suit. Defendant agreed to produce all materials sought by plaintiff for *in camera* inspection by the court, but stated in a letter to the court the additional condition that the judge's law clerks must receive security clearance before they could assist in the *in camera* review.

Defendant cites Department of Justice Order No. 2620.6 (June 8, 1978) as legal authority to support the imposition of the security clearance requirement. This "Order" is a creation of the defendant, a litigant in this case. No other authority is cited by defendant for its extraordinary demand.

The condition set out in the defendant's letter is unsupported by controlling citation and is unacceptable to the court. A federal judge should not consent to any restriction of the court's jurisdiction by act of any agent of the executive branch.

IT IS THEREFORE ORDERED that:

1. Defendant will, by October 30, 1987, without qualification or reservation, submit to the court for *in camera* inspection, unredacted copies of all the records in this case covered by plaintiff's requests under the Freedom of Information Act, 5 U.S.C.A. Section 552.

2. In addition to the above records, defendant will submit to the court for *in camera* review, justifications claimed for defendant's withholding from the plaintiff the material contained in the records. The justifications will be sufficiently detailed to permit the court to correlate the justifications with the material withheld.

## ON RECONSIDERATION

Bruce Bowers, plaintiff, filed suit number C–C–86–336–M in the United States District Court for the Western District of North Carolina on July 18, 1986, seeking information under the Freedom of Information Act, 5 U.S.C. § 552, concerning three individuals who had migrated to the United States. Plaintiff, *pro se*, attempted various discovery proceedings.

On October 15, 1987, pursuant to a full hearing on oral and written arguments, this court entered an order requiring defendants to submit to the court for *in camera* inspection the materials sought by plaintiff.

No appeal was noted or taken.

On October 27, 1987, defendant moved for revision of this court's order so that it would require the district judge's law clerks to pass a security clearance check before having access to the information. That request was denied by order of December 17, 1987.

All of the above proceedings were in the style of an action pending in this court and captioned as follows:

"IN THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Charlotte Division
C–C–86–336–M

BRUCE BOWERS,     )
    )
    Plaintiff,  )
    )
  –vs–     )
    )
UNITED STATES     )
DEPARTMENT     )
OF JUSTICE,     )
    )
    Defendant.  )"

\*    \*    \*    \*    \*    \*

On January 4, 1988, this court received an order dated December 30, 1987, from the United States Court of Appeals for the Fourth Circuit. That order, like this one, was captioned, "In Re United States Department of Justice, Petitioner." Bruce Bowers is not mentioned in that order nor in its caption. The order, in pertinent part, reads:

". . . . the Department of Justice's motion for a stay of the orders of the district court requiring production of certain classified documents on January 2, 1988, is granted. During the pendency of the stay, the Court directs that the district court reconsider its refusal to obtain security clearance for its staff members in light of the discussion contained herein. The stay will remain in effect until further order of this Court.

"It is further ORDERED that a disposition of the Department of Justice's petition for a writ of mandamus is deferred until the district court has had an opportunity to conduct the reconsideration ordered today."

The papers received by this court do not indicate that Bruce Bowers has been heard by the Circuit Court on this question, nor that any argument by him has been requested, nor that a copy of the December 30 order was sent to him by the Clerk of the Circuit Court. I assume, although the record does not support the assumption, that Bowers does by now have some knowledge about what is going on, because he has made inquiries at the office of the Clerk of this Court.

In the "best of all possible worlds" dreamed of by Voltaire in *Candide,* the plaintiff would have his own counsel; and a trial judge in this court's position would, like the Justice Department, be represented by trained lawyers, so that when a proceeding is converted via mandamus into a proceeding that might well be captioned, "The Circuit Court versus the District Judge," the trial judge would not have to lay aside other duties and act as his own lawyer. There is considerable discomfort in being put in a position of either ignoring the Circuit Court's order or creating the appearance of seeming to represent one of the litigants. However, since this court must obey the instructions of the Circuit Court and reconsider the previous decision, I make the following submission:

*The issue is whether the Attorney General, acting pursuant to Presidential Executive Order, possesses the power under our constitutional system to make rules binding on United States courts.* The resolution of this issue does not turn on whether the government has a legitimate or a "compelling" interest in secrecy, or whether the President has the power to adopt procedures governing access to classified information by persons outside the executive branch. Likewise, the *wisdom* of the demand that law clerks receive security clearance before doing their court job of assisting their trial judge in an *in camera* review of classified materials *is not at issue.*

■ *The principle on which this court's ruling rests is that Congress alone has the power to prescribe procedures for the federal courts.* [Congress may, of course, delegate this regulatory power to the Chief Justice of the Supreme Court, and has done so in several instances, such as the Rules Enabling Act of 1934, 28 U.S.C. § 2072, and the Classified Information Procedures Act of 1980, 18 U.S.C.*App.* § 9.]

■ *The executive branch of government has no power to impose a rule of civil trial procedure on federal courts,* regardless of whether such a rule serves an important goal, or whether *Congress* has seen fit *in another context* to impose a requirement identical to that which the executive now seeks to impose.

■ *Congress has authorized the Chief Justice, not the Attorney General, to promulgate rules governing trial court procedure in civil cases.* 28 U.S.C. § 2072 provides in pertinent part, as follows:

"§ 2072. Rules of civil procedure
The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure of the district courts and courts of appeals of

the United States in civil actions, including admiralty and maritime cases, and appeals therein, and the practice and procedure in proceedings for the review by the courts of appeals of decisions of the Tax Court of the United States and for the judicial review or enforcement of orders of administrative agencies, boards, commissions, and officers.

Such rules shall not abridge, enlarge or modify any substantive right and shall preserve the right of trial by jury as at common law and as declared by the Seventh Amendment to the Constitution."

\*    \*    \*    \*    \*    \*

■ *Neither Congress nor the Chief Justice has required security clearance for law clerks assisting judges who conduct in camera inspection of documents in civil suits under the Freedom of Information Act.*

■ *The Classified Information Procedures Act applies by its express terms to criminal cases only.* In enacting the Classified Information Procedures Act, Congress directed the *Chief Justice* to promulgate rules governing the manner in which courts handle classified information in *criminal* proceedings. 18 U.S.C.*App.* § 9. The rules require that all court personnel other than judges receive security clearance in criminal cases before they have access to classified information. The express provisions of CIPA, its legislative history, and the express provisions of the Chief Justice's rules make it abundantly clear that the security clearance requirement is limited to *criminal* proceedings. This is not a criminal case; CIPA does not apply.

*Congress has not required security clearance for an in camera inspection in a FOIA case.* So to hold would be to ignore the plain language of CIPA, and to distort the concept of legislative intent. The passage of CIPA in 1980 and the continued silence of FOIA as to any security clearance support the view that Congress intended *not* to require security clearance in FOIA cases.

*Prior Fourth Circuit decisions do not appear to address this issue of constitu-*

*tional power,* nor the requirement that a judge's law clerks have security clearance to participate in *in camera* inspections of classified documents in a FOIA case.

*This court is not acting in derogation of precedent or statute when it refuses to submit to a condition imposed by executive branch action on the exercise of its FOIA jurisdiction.* There is no "clear error" here that justifies mandamus.

The stay should be vacated and the petition denied.

To find that the national security power of the executive includes the power to regulate the procedures of the federal courts is to undermine the independence of the judicial branch and to violate the constitutional doctrine of separation of powers. There is no justification in the Constitution or our history for such an unwarranted expansion of executive power. The Constitution vests the power to regulate federal court procedures in Congress.

For a court to interpret CIPA as extending to civil cases would be an equally unwarranted extension of *judicial* power. Courts have no legitimate authority to make statutes say what they may think Congress *should* have said.

### SUMMARY

1. The plaintiff has a personal stake in this case; this court does not. If the plaintiff should chance to benefit or to suffer from this response, it should be remembered that the response was not voluntary but was ordered by a higher court.

2. The United States Constitution does not authorize the United States Attorney General, under the aegis of national security or otherwise, to override or disobey a decision of a United States Court—Supreme, Circuit or District—on any matter within the jurisdiction of that court.

3. The Attorney General is the defendant in this case; he is not mentioned in the Constitution; he is appointed by the President; when he does the bidding of the President, he exercises the executive power of the United States.

4. Nothing in the Constitution exempts the Attorney General from the obligation to follow the Constitution and acts of Congress lawfully enacted in compliance with the Constitution.

5. The security clearance sought by the Attorney General is not a creation of Congress. No pertinent act of Congress has been cited to support the position asserted by the Department of Justice. The section cited in the Circuit Court's order, 18 U.S.C. App. § 9, does not deal with security clearances. It deals rather with the definition of the term "vessel of the United States." The Classified Information Procedures Act of 1980, 18 U.S.C.App. § 9, does authorize the *Chief Justice* to make rules in *criminal* cases, requiring security clearance for any person "appointed by the court." Those Classified Information Procedures Act rules, by their own clear terms, and in light of an equally clear legislative history, apply exclusively to *criminal* cases; moreover, that Act gives rule-making authority to the *Chief Justice*—not the Attorney General. This is a civil case. I am not willing to make the easy assumption that Congress meant *"civil and* criminal" when they repeatedly used only the word *"criminal."*

6. The government's petition for writ of mandamus, served by mail on December 23, 1987, has an enclosure which says that the "Bureau [FBI] does not in any sense impugn the integrity of Judge McMillan's law clerks ..." Nowhere do I find in the papers filed by the government any suggestion that this court's law clerks are disloyal to the United States.

7. The government has not challenged the patriotism of my law clerks; neither do I.

8. After careful reconsideration, this court's orders of October 15, 1987 and December 17, 1987, are re-affirmed.

### ORDER IN COMPLIANCE

The United States Court of Appeals for the Fourth Circuit issued an order on April 7, 1988, which was received on Monday, April 11, 1988. The last paragraph of that order reads as follows:

"Accordingly, it is ORDERED that the petition of the United States Justice Department for a writ of mandamus is granted. Pursuant to this order, District Judge James McMillan will not require the production of any classified material with regard to the pending civil litigation until those members of his staff who will have access to those documents obtain security clearance."

This controversy started as a suit in the United States District Court for the Western District of North Carolina, Charlotte Division, Civil Action No. C–C–86–336–M, entitled *"Bruce Bowers, Plaintiff, vs. United States Department of Justice, Defendant."* Bowers sought an order requiring the defendant to produce, under the Freedom of Information Act, 5 U.S.C. § 552, several documents regarding three persons who had migrated to this country. (One of the three individuals, Ingrid V. Noreiko, had already executed a release dated May 20, 1985, to Mr. James K. Hall, of the Federal Bureau of Investigation, "of any material concerning me that may be requested by Bruce Bowers, a reporter for WSOC–TV in Charlotte.")

The defendant answered, denying the request for disclosure, and denying plaintiff's entitlement to the relief sought. *See* defendant's answer, document # 6, in the *Bowers* file, dated September 5, 1986.

On September 16, 1986, plaintiff filed a motion to compel production of a Vaughn index. On October 2, 1986, the court ordered the defendant to prepare and file a Vaughn index containing an itemized and indexed inventory of every document or portion of a document responsive to plaintiff's Freedom of Information Act requests. The Vaughn index was filed, but was not in compliance with the court order because it did not include the information required as to *two* of the three individuals.

This court, by order of March 6, 1987, directed the defendant to comply with the October 2, 1986, order by March 16, 1987. Motions for reconsideration were considered and denied.

On September 4, 1987, the court conducted a hearing in Charlotte. At that hearing, defendant agreed to produce for *in camera* inspection, all the materials ordered by the court. However, on September 17, 1987, two weeks after the hearing, the defendant informed the court by letter that nobody but the judge could see the material without a security clearance, and that the judge's law clerks and secretary would have to have a security clearance by the Department Security Officer of the Department of Justice.

No one on my staff has voiced any personal objection to being subjected to a security clearance; the issue presented is one of the integrity of the judiciary and the separation of the powers of government.

The Circuit Court of Appeals has not requested the file in the underlying litigation, *"Bruce Bowers, Plaintiff, vs. United States Department of Justice, Defendant,"* Civil Action No. 86–336–M, pending in this court; that file is approaching a foot in thickness.

The mandamus proceeding does not bear the title of the *Bowers* suit out of which this mandamus proceeding arises. It is an overriding procedure in which the district judge is the defendant and the Department of Justice is the moving party and Bruce Bowers, the plaintiff in the case in chief, apparently plays no part.

However, I have to deal with the case in its present posture, realizing that this is not Voltaire's "best of all possible worlds" and that the constitutional integrity of the Judiciary, independent from the Executive Department, rather than Bruce Bowers' claim of right to get information from the government, has become the focus of the litigation.

Congress has authorized security measures involving court personnel, and the Supreme Court has put them into effect, in *criminal* prosecutions, but not in *civil* cases. The Circuit Court opinion would write a new law where Congress declined to write such a law, giving the *Attorney General* the same power to require security clearance in *civil* proceedings that it took Congress to enact and the Chief Justice of the *Supreme* Court to put into effect in *criminal* proceedings. The fact that it may be the opinion of judges that the national interest requires restriction on court access to classified material would *not* seem to justify a court in impressing upon civil litigation the type of strictures that it took an Act of Congress and the Chief Justice of the Supreme Court to accomplish in criminal cases. A court which decides that the Justice Department, without benefit of Act of Congress or action by the Chief Justice, can determine what materials courts may see or what members of a court staff are fit to handle "classified" materials takes a large step toward the subservience, rather than the independence of the Judiciary.

The immediate question is what to do about the *Bowers* case. I have thought about an appeal in the mandamus proceeding. The problem of seeking counsel to represent this court before the Circuit Court, and perhaps the Supreme Court, has no satisfactory answer. In the order filed by this court on February 23, 1988, in response to the order of the Court of Appeals, I set out some reasons why it is impractical and unfair to call upon an outside lawyer to represent this court. The lesser reason is inadequacy of compensation; the greater reason is the conflict of interest which would or might disqualify a willing lawyer from work in this court for the foreseeable future.

My conclusion is that I will attempt neither to represent Bruce Bowers nor to express at any greater length my strongly held views against the attempted invasion by the Attorney General of the constitutional authority of the Judiciary.

Mr. Bowers has filed a motion "to require expedited security clearances"; he has proposed a deadline of May 9, 1988, for compliance with the security clearance demand and production of the information he wants.

Despite Mr. Bowers' apparent lack of appreciation of the constitutional question, I continue to believe that a person in his position is entitled to the information that he seeks. The only way he can get it in the

foreseeable future is for me to erect a "Chinese wall" of secrecy between me and my staff, and handle this file myself, without staff assistance.

That I shall do.